Dade *against* Buchannon's Administrators and al.

ASSUMPSIT by *Horatio Dade* against *George Buchannon, Benjamin S. Smoot*, and *Matthew D. Wilson*, charging that as managers of the *St. Stephens* Academy Lottery, they sold and delivered to him a ticket in the lottery, to which a prize of $5000 was drawn; and that from the time of the sale he was and still is the bearer of the ticket, &c. &c. The Defendants plead

1, General issue.

2, That the alleged assumpsit was made by them merely as agents and managers for the President and Trustees of the *St. Stephens* Academy, a body corporate.

3, That the lottery has not yet been completed by regular drawing by reason of a mistake in apportioning the number of the tickets to the number of the blanks and prizes—that on drawing the last ticket, ten blanks and one prize remained in the wheel undrawn, by reason of which the drawing was null and void.

No replication appears to either of these pleas. After the

lapse of several terms, viz. at *May* term, 1822, the Adminis‑ trators of *Wilson* filed a plea setting out that his estate had been legally declared insolvent.

At *April* term, 1823, the Record states that the parties came by their Attornies, and shews a verdict "that the defen‑ " dants did not, nor did either of them assume or undertake in "manner and form, &c.," and a judgment in favour of *Buchan‑ non, Smoot,* and the administrators of *Wilson* for their costs.

. On the trial the plaintiff proved that *Buchannon, Smoot,* and *Wilson* were managers of the lottery, which was autho‑ rised by law ; that the lottery was drawn in the spring of the year 1819 ; that a prize of $5000 was drawn to the number of the plaintiff's ticket ; that, according to the terms of the lottery, he demanded of the defendants payment of the prize ; that the persons who conducted the lottery acted under the direction of the defendants, who were a commit‑ tee appointed by the President and Trustees ; that, in draw‑ ing, there had been a mistake, eleven tickets at the close of the drawing remaining in one wheel, and but one in the other. There was no evidence that either of the defendants sold any tickets. It was proved that *Buchannon* had at dif‑ ferent times made special deposites in the Bank for the board of Trustees. It was not proved that *Smoot* or *Wilson* had ever received any money for tickets. (Other evidence was stated in the Bill of Exceptions, which is not material to the decision.) The Circuit Court charged the Jury, that as the defendants were only the agents for the President and Trustees of the *St. Stephen's* Academy, they were not liable to the plaintiff ; and that in law the plaintiff was not entitled to a verdict against them. To which plaintiff ex‑ cepted, &c., and here assigned as Errors,

1st, 2d, 3d, and 4th. No issues were submitted to or found by the Jury on the second or third pleas of defend‑ ants, or on the plea of the administrators of *Wilson ;* and these pleas were not disposed of,

5th and 6th. The verdict finds that the administrators of *Wilson,* as well as the other defendants, did not assume, when the plea of the administrators admits that *Wilson* did assume.

7th and 8th. The Court erred in the instructions to the Jury.

Judge *Saffold* delivered the opinion of the Court.

As to the first six assignments, the want of replication to the 2d and 3d pleas was the plaintiff's own omission. The plea of the representatives of *Wilson* is believed to have been irregular. The plaintiff has no right to complain of

umissions or irregularities which could not prejudice him. Had issues been formed on all the pleas, a general verdict would have been decisive of all material averments in the declaration and pleas. The Record shews that the parties appeared and went to trial on the merits; and we are left to infer that they waived the special pleas or the want of replications thereto, and to attach to the verdict the same effect as if it had found or ascertained all the matters of fact controverted by the parties. Not to give it this effect would be to permit a party to take advantage of his own wrong (a).

The 7th and 8th assignments relate to the charge of the Court as stated in the bill of Exceptions. To charge that from the evidence the plaintiff could not recover, would have assumed matters of fact which it belonged to the Jury to decide, unless they were conceded, and especially such as relate to the mistake. There does not appear to have been any distinct adjudication in the Court below as to the effect of the mistake, unless it be in the charge as above referred to.

As to the latter part of the charge—that " inasmuch as the " defendants were agents of the Trustees they were not " liable"—it is the opinion of this Court that the liability of agents depends on the nature, extent, and form of their engagements; and in many instances they may be liable for their acts as such. Here then the Record presents no copy of the ticket, nor any thing from which its precise form and legal effect can be ascertained; nor is it shewn whether the mistake in the drawing was a fact conceded or left to the Jury to determine. We are of opinion that the Court erred in the instructions to the Jury, and that the judgment must be reversed and the cause be remanded for further proceedings.

Tubb *against* Madding, *ante,* 129.

JULY, 1826.

Dade
*v.*
Buchannon's
Adm'rs. and al.

(a) See Henry *vs. Smoot, Childress vs. M'Gee, Channing vs. Caskaden, Ripley vs. Coolidge, &c. Hawkins vs. Rapier, &c. ante,* 18, 131, 73, 11, 113.